IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Jeremy Clay Orr, | ) | Case No. 4:24-cv-01360-DCC |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Richland County Sheriff's Office, | ) | |
| Director Harvey, Captain Sligh, Officer | ) | |
| Garner, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

This matter is before the Court on Plaintiff's pro se amended complaint. ECF No. 9. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.), this matter was referred to United States Magistrate Judge Thomas E. Rogers, III, for pre-trial proceedings and a Report and Recommendation ("Report"). On April 19, 2024, the Magistrate Judge issued a Report recommending that this action be summarily dismissed. ECF No. 13. The Magistrate Judge advised Plaintiff of the procedures and requirements for filing objections to the Report and the serious consequences for failing to do so. Plaintiff filed objections. ECF No. 16.

### APPLICABLE LAW AND ANALYSIS

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a de novo determination of any portion of the Report of the

Magistrate Judge to which a specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. See 28 U.S.C. § 636(b). The Court will review the Report only for clear error in the absence of an objection. See *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." (citation omitted)).

The Magistrate Judge recommends summary dismissal of this action because Plaintiff fails to state a claim upon which relief can be granted. Specifically, Plaintiff named an entity not amenable to suit, he sues Defendants in their official capacity who are entitled to Eleventh Amendment immunity, and he fails to plausibly plead a request for injunctive relief. The Magistrate Judge recommends that this action be dismissed with prejudice, without issuance and service of process, and without further leave to amend. The Court finds that the Magistrate Judge provided a thorough recitation of the relevant facts and applicable law, which the Court incorporates by reference. For the reasons stated below and upon de novo review of the Report, the record, and the applicable law, the Court agrees with the recommendation of the Magistrate Judge.

Plaintiff generally objects and states that he does not "fully underst[an]d" the deficiencies identified by the Magistrate Judge. He further states that he lacks a law library and does not have any cooperation from the Detention Center.

To the extent Plaintiff is alleging a claim of denial of access to law library, Plaintiff fails to state a plausible claim. An allegation of lack of a law library may not be a constitutional violation if the prisoner is provided with an attorney. *See Lewis v. Casey*, 518 U.S. 343, 351 (1996) (citing *Bounds v. Smith*, 430 U.S. 817 (1977)). Plaintiff has an attorney in his current criminal case and is awaiting trial. Further, Plaintiff is held as a detainee in a local detention center; the Fourth Circuit Court of Appeals has held that local jails, designed for temporary detainment, are generally not required to have a law library. *Magee v. Waters*, 810 F.2d 451, 452 (4th Cir. 1987). In *Lewis v. Casey*, 518 U.S. 343, 349 (1996), the Supreme Court held that a prisoner must show some actual injury resulting from a denial of access in order to allege a constitutional violation. This requirement can be satisfied by demonstrating that a non-frivolous legal claim was frustrated or impeded by some actual deprivation of access. *Id*. at 352–53. A claim for failure to provide access to courts must be pleaded with specificity. *Cochran v. Morris*, 73 F.3d 1310, 1317 (4th Cir. 1996). Here, Plaintiff has failed to plead with specificity any actual injury.

Further, to the extent Plaintiff contends he has been denied access to courts or has not been able to comply with an order of the Court due to a failure by the detention center, Plaintiff has not stated a plausible claim. Plaintiff has filed several cases in this district in the last few months and none of them have been dismissed due to any failure to act by Plaintiff or failure to submit a document in the detention center's control. Therefore, he has failed to allege an injury. *See Strickler v. Waters*, 989 F.2d 1375, 1383–84 (4th Cir.1993) (holding that, to establish claim of denial of access to courts, prisoner

must allege actual injury or specific harm resulting from denial); *Tate v. Parks*, 791 F. App'x 387, 392 (4th Cir. 2019) ("To state a claim that he was denied his right of access to the courts because he could not access the jail's law library, [the plaintiff] had to allege he was actually injured in some way by the denial of access.").

The Court is of the opinion that Plaintiff has not specifically objected to the analysis of the Report. Nevertheless, out of an abundance of caution for a pro se party, the Court has conducted a de novo review of the Report, the report, and the applicable law. Upon such review, the Court agrees with the recommendation of the Magistrate Judge.[1] Accordingly, this action is **DISMISSED** with prejudice, without issuance and service of process, and without further leave to amend.

IT IS SO ORDERED.

s/ Donald C. Coggins, Jr.
United States District Judge

June 10, 2024
Spartanburg, South Carolina

### NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.

---

[1] The Court notes that Plaintiff states he does not understand the Magistrate Judge's prior directions. The Court finds that the Magistrate Judge has thoroughly explained to Plaintiff the deficiencies in his filings. Accordingly, any related objection is overruled.